**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRIAN K. ALEXANDER, )<br>)<br>Plaintiff, )<br>)    **Cause No. 1:10-cv-1242-WTL-MJD**<br>vs. )<br>)<br>MICHAEL J. ASTRUE, COMMISSIONER )<br>OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Brian Alexander requests judicial review of the final decision of Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB") and Supplemental Insurance Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court rules as follows.

### I. PROCEDURAL HISTORY

Alexander applied for DIB and SSI on May 4, 2006, alleging disability beginning on November 16, 2002. His application was denied initially and upon reconsideration, whereupon he requested and was granted a hearing before an ALJ. Alexander was represented by counsel at the hearing, which was held on September 21, 2009. Alexander and vocational expert Ray Burger testified at the hearing. The ALJ rendered a decision dated October 20, 2009, in which he concluded that Alexander was not disabled under the terms of the Act.

While the case was pending before the Appeals Council, Alexander submitted a significant number of additional medical records. The Appeals Counsel acknowledged the receipt of additional records and made them part of the administrative record. (The Court hereinafter will refer to these records as the "Additional Medical Records.") The Appeals Council issued a

decision in which it denied Alexander's request for review of the ALJ's decision. In that decision, the Appeals Council stated that it had "considered" the Additional Medical Records and "found that this information does not provide a basis for changing the Administrative Law Judge's decision." Record at 4-5.

Alexander, now acting *pro se,* filed this timely action for judicial review. He has submitted to this Court documents relating to disability determinations by the Veterans Administration that occurred after the ALJ rendered his decision and which have not previously been submitted to the Commissioner. (The Court will hereinafter refer to these documents as the "New VA Documents.")

## II. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent his from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Id.*

### III. THE ALJ'S DECISION

The ALJ found at step one that Alexander had not engaged in substantial gainful activity since the alleged onset date of November 16, 2002.  At steps two and three, the ALJ concluded that Alexander had the severe impairments of disorders of the spine, depression, and alcohol dependence, but that those impairments, singly or in combination, did not meet or medically equal a listed impairment.  At step four, the ALJ concluded that Alexander

> has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following restrictions:  lift, carry, push or pull twenty pounds occasionally and ten pounds frequently;[2] sit, stand and walk six hours in an eight [sic.] day; occasionally perform postural activities such as stooping, balancing, crouching, crawling, kneeling and climbing stairs or ramps; no climbing ladders, scaffold or ropes or work around hazard [sic.] such as unprotected heights or unguarded, dangerous moving machinery; frequently handle and finger bilaterally; only simple, repetitive tasks which require little or no independent judgment; a work environment no more than moderately stressful; no requirement to meet time or production quotas greater than what is typically required in an unskilled, medium to low stress work environment; performance of work at intervals of no more than two hours, before taking a break of ten to fifteen minutes to refresh his ability to persist at work-related tasks; in minimizing distractions, no contact with the general public necessary to perform the functions of the job and only occasional, superficial contact with coworkers.

Record at 17.  Given this RFC, the ALJ concluded that Alexander was unable to perform his past relevant work at a factory, which required very heavy lifting.  The ALJ then determined that, considering his age, education, work experience, and RFC, Alexander was able to perform a significant number of jobs existing in the national economy such as janitor, maid, and food prep worker.  Therefore, the ALJ determined that Alexander was not disabled as defined by the Act.

---

[2]The Court notes that this finding by the ALJ is internally inconsistent.  The ALJ speaks of "sedentary work" and cites to the regulations that define sedentary work, but the restrictions he sets forth equate to light work and the jobs he concludes Alexander can perform are, per the testimony of the vocational expert, classified as light, not sedentary.

## IV.  DISCUSSION

The Commissioner has briefed this case as if the only issue is whether Alexander is entitled to a "sentence six remand" based upon the New VA Documents.  The Court is troubled by the Commissioner's treatment of the Additional Medical Records, however.  During the hearing, the ALJ noted that the record before him did not contain any medical records more recent than 2003 and that Alexander had been treated by the VA since 2006 and had been seen as recently as the week prior to the hearing.  The ALJ then commented that "obviously, I can't really make a decision without updating these records."  Record at 412.  However, that is precisely what happened.  The ALJ waited for thirty days, during which time he apparently received a few pages of records from the VA.[3]  The ALJ's decision, therefore, was based upon an incomplete record; the Additional Medical Records paint a much more complete picture of Alexander's mental and physical condition than the records the ALJ had before him.

As noted above, the Appeals Council accepted the Additional Medical Records, reviewed them, and found that they did not provide a basis for changing the ALJ's decision.  The Appeals Council provided no explanation for this finding, however.  The problem is that several of the statements in the ALJ's decision are directly contradicted by the Additional Medical Records.  For example, the ALJ noted that Alexander had not been treated for low back pain since 2003 and "[i]t could be expected that one would receive much more extensive treatment for a disabling impairment."  Record at 19.  However, the Additional Medical Records indicate that he had sought treatment for his back pain from the VA and had been prescribed narcotics.  The ALJ also noted that "[t]here is only recent objective imaging, an x-ray in 2008, which was basically

---

[3] There is no indication that the ALJ was informed by Alexander's counsel that more records would be forthcoming.

normal," *id.,* but the Additional Medical Records include an August 2009 x-ray report that notes "severe neuralforaminal stenosis bilaterally at C3-C4 and C4-C5. With regard to Alexander's mental impairments, the ALJ noted that "[t]here are also allegations of mental disorders, but the claimant has never had any psychiatric treatment," *id.;* however, the Additional Medical Records include records of psychiatric treatment. In other words, the ALJ based his decision in large part on the absence of certain things in Alexander's medical records, but the ALJ did not have a complete record before him, and the complete record seems to fill many of the holes noted by the ALJ.

The Appeals Council apparently believed that the ALJ would have reached the same conclusion even if he had reviewed the Additional Medical Records. The problem is that the ALJ's decision is what is before the Court to review, and the ALJ's decision is not consistent with the record as it now stands. This inconsistency is not the fault of the ALJ, of course. However, the Court cannot affirm the ALJ's decision in light of the inconsistency. Accordingly, this case must be remanded to permit the ALJ to review the Additional Medical Records and determine whether Alexander is disabled in light of the record as a whole.

This is not a "sentence six remand." A sentence six remand is appropriate when there is "new evidence which is material" and that was not "incorporate[d] . . . into the record in a prior proceeding." 42 U.S.C. § 405(g). The Additional Medical Records were incorporated into the record by the Appeals Council. Accordingly, this is a sentence four remand. That said, the Court recognizes that the New VA Documents have not been incorporated into the record in a prior proceeding. Alexander should present the New VA Documents to the ALJ on remand.

## V. CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this

6

case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 08/27/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification